IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 48,419

*In re* Inquiry relating to Magistrate Court Judge NORMAN B. SORTOR.

(551 P. 2d 1255)

## ORDER OF PUBLIC CENSURE

This is an original proceeding in discipline against the HONORABLE NORMAN B. SORTOR, Judge of Division No. 2 of the Magistrate Court of Wyandotte County, Kansas.

Formal proceedings commenced with the mailing of a Notice to the Judge by the Commission on Judicial Qualifications, all as provided by Rule No. 612 (214 Kan. cv) of this court. Subsequently, the judge filed a written admission of certain specific charges, and a formal hearing was therefore unnecessary. The Commission made findings of fact and conclusions of law, and concluded that JUDGE SORTOR had violated certain of the Canons of Judicial Conduct set forth in our Rule No. 612 (214 Kan. xciv). The Commission recommended censure. JUDGE SORTOR promptly elected to accept the recommendation of the Commission. In this posture the matter comes before us.

The Canons involved are Canons 3 A (3) and (4). These read in applicable part as follows:

"(3) A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deal in his official capacity  .  .  .

"(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law  .  .  ."
(Rule No. 601 of Supreme Court of Kansas, 214 Kan. xciv, xcv.)

We carefully reviewed the record before the Commission and concur in its findings and conclusions. We need not burden this record with a detailed statement of the factual background, but deem it sufficient to state that the record establishes that on various occasions and while in the performance of his official duties as a judge, respondent was rude and discourteous to lawyers and litigants alike, and on two occasions he terminated proceedings before him without granting to the interested parties that right to be heard which justice demands and which litigants have a right to expect in our courts.

Lest we be misunderstood we should observe that these instances

do not demonstrate any malevolent purpose or motive on the part of Judge Sortor. They simply display temperamental actions, comments and outbursts inimical to that courteous, fair and impartial consideration which is the hallmark of justice. Such unfortunate judicial conduct reflects adversely upon the judiciary as a whole and creates a bad image and impression of courts in general. It cannot be tolerated.

The vast majority of Americans have their sole contact with American Courts in state courts of limited jurisdiction—the small claims, police and magistrate courts. Judges of those courts should be no less courteous to and considerate of litigants and counsel than should judges of other trial and appellate tribunals. While we recognize the vast volume of litigation handled by the magistrate courts, the pressures of such caseloads, and the ever present need to terminate cases with dispatch, we cannot countenance the handling of cases in any court in such a manner as to preclude to the litigants a fair opportunity to be heard, nor can we sanction judicial discourtesy to litigants and counsel. The persons appearing before JUDGE SORTOR in the cited instances were not accorded the kind of treatment mandated by Canons 3 A (3) and (4) and required in our system of justice.

Accordingly, we conclude that NORMAN B. SORTOR should be and he is hereby censured by this court, and directed to pay the costs of this proceeding. This Order shall be published, and shall constitute the public record in this matter.

IT IS SO ORDERED.

Dated at Topeka this 12th day of June, 1976.